UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. BRAMLETT,

    Plaintiff,

    v.

MARK S. CARICH and JESSICA STOVER,

    Defendants.

Case No. 13-cv-204-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 21) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Charles E. Bramlett's motion for a preliminary injunction (Doc. 17).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In response to the Report, Bramlett has filed a motion in which he concedes that he went about filing his preliminary injunction motion incorrectly, asks for an extension of time to revise his preliminary injunction motion, and asks for appointment of counsel (Doc. 22). Because Bramlett's motion does not object to anything in Report but is a plea for further relief, the Court reviews the Report only for clear error and finds none. Accordingly, it will adopt the Report in its entirety.

As for Bramlett's request for leave to revise his motion for preliminary injunction, the

Court notes that he is free to file another motion with proper argument and support. He does not need leave of Court or any extension of a deadline to do so.

As for his request for appointment of counsel, whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding in forma pauperis. *Mallard v. United States Dist. Ct.*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Plaintiff has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. He

has pointed to his efforts to retain counsel in another case, *Bramlett v. Big Muddy River Correctional Center*, No. 11-97-MJR-SCW, but those efforts were in 2010, long before Bramlett filed this suit, and did not seek assistance with the pending lawsuit.   He has not demonstrated any recent efforts to retain counsel in *this* litigation.

Furthermore, this case is a run-of-the-mill retaliation case regarding cell assignments and does not involve complex legal or factual issues.   Based on the quality of the plaintiff's prior filings, the relatively simple nature of this case, his prior litigation experience and his demonstrated ability to consult relevant legal books, it appears to the Court that he is competent to litigate his claim himself.   For these reasons, the Court will deny his request for appointment of counsel without prejudice.

Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 21);

- **DENIES** Bramlett's motion for a preliminary injunction and/or a protective order (Doc. 17); and

- **DENIES** Bramlett's motion for an extension of time and for appointment of counsel (Doc. 22).

**IT IS SO ORDERED.**
**DATED:   February 12, 2014**

             s/J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**