IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. BRAMLETT**, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00204-JPG-PMF |
| ) | |
| **MARK S. CARICH, et al.**, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Charles Bramlett's motion seeking judicial intervention and protection, which is evaluated as a motion for a preliminary injunction (Doc. No. 37). Bramlett is confined as a sexually dangerous person. He is proceeding in this civil rights case against two defendants, alleging that they selected housing assignments for him on March 8 and October 7, 2011, deliberately exposing him to a serious risk of harm from inmates Victor Blissit and Roy Shivers. In the current motion, Bramlett describes a recent incident, where he was disciplined after getting into a physical altercation with inmate Gary Ladd. He says he should not have been forced to share a cell with Ladd due to their incompatible needs for rest and space. He suggests that defendant Stover should have anticipated that the two would not be able to get along. He is also dissatisfied with a separate decision by defendant Stover on January 28, 2015, which kept him from receiving a single man cell assignment. He seeks an order directing that he be separated from defendant Stover, transferred to a different facility, provided with forms needed to declare Stover and Ladd enemies, or that he be given permission to interact with internal affairs officers in the future without participation by Stover. An earlier motion for preliminary injunctive relief was denied (Doc. No. 23).

In order to establish that he is entitled to a preliminary injunction, Bramlett must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Plaintiff has not satisfied the requisite elements for a preliminary injunction. The exhibits submitted reveal a history of disagreements between Bramlett and Stover. Stover is Bramlett's primary therapist. The materials do not reasonably show that Bramlett has a likelihood of success on the merits of his First Amendment retaliation claim. There is no persuasive evidence that Stover made housing assignments in 2011 because she was motivated by a desire to retaliate against Bramlett for his administrative grievances or litigation. Similarly, there is no competent evidence that the conditions of Bramlett's confinement are such that injunctive relief is necessary to avert anticipated irreparable harm. Moreover, Bramlett's exhibits show that he has an available grievance process for seeking administrative relief regarding housing assignments. Further, Bramlett's recent concerns regarding a housing decision are not at issue in this litigation. Finally, Bramlett has not shown that the relief requested is the least intrusive means to avoid any anticipated future harm.

IT IS RECOMMENDED that Bramlett's motion for a preliminary injunction (Doc. No. 37) be DENIED.

**SUBMITTED: March 9, 2015 .**

s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE