UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. BRAMLETT, <br><br> Plaintiff, <br><br> v. <br><br> MARK S. CARICH and JESSICA STOVER, <br><br> Defendants. | Case No. 13-cv-204-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal without Prejudice *Instanter* (Doc. 42). Defendants Mark Carich and Jessica Stover object to dismissal without prejudice in light of the fact that they have expended substantial effort in conducting discovery and preparing a motion for summary judgment that they expect will end this case. They would not object to dismissal with prejudice.

Federal Rule of Civil Procedure 41(a)(2) filed by the plaintiff provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal of an entire case signed by all the parties. The Court may also impose such terms and conditions as it deems proper, and normally those terms and conditions include paying the defendants' expenses incurred in defending the suit. *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). If the terms and conditions are too onerous for the plaintiff, he may withdraw his motion and proceed with the case. *Id.* at 304.

Bramlett asks the Court to dismiss this case without prejudice, but the Court finds that dismissal without prejudice is inappropriate in light of the substantial work the defendants have put into this case so far, including their work on a motion for summary judgment filed March 23, 2015. Furthermore, an award of the defendants' costs in defending this suit, the ordinary

conditions of a dismissal without prejudice, would not be appropriate since Bramlett, an inmate, is unlikely to be able to pay such an award.   The Court believes the only equitable term to impose on Bramlett's motion is that any dismissal be with prejudice.   Accordingly, the Court **ORDERS** that Bramlett shall have up to and including June 12, 2015, to move to withdraw his motion to dismiss (Doc. 42).   If he does not move to withdraw his motion to dismiss in a timely manner, the Court will grant it and will dismiss this case with prejudice.

**IT IS SO ORDERED.**
**DATED:   May 15, 2015**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**